**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC,<br><br>Plaintiff,<br><br>-against-<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Jeffrey Farkas, M.D., LLC d/b/a Interventional Neuro Associates ("Plaintiff"), by and through its attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against Horizon Blue Cross Blue Shield of New Jersey ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 43 Westminster Avenue, Bergenfield, New Jersey 07621.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New York.

3. Jurisdiction is proper in this Court pursuant to 9 U.S. Code §9.

4. Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the District.

**FACTUAL BACKGROUND**

5. Plaintiff is a medical practice comprised of a team of neurologists who specialize in acute treatment following strokes, brain aneurysms, carotid disease, and vascular problems of the brain, spine, and neck.

6. On October 30, 2022, Plaintiff performed surgical treatment on an individual identified as S.F. ("Patient") in NYU University Hospital, a hospital located in Brooklyn, New York.

7. At the time of her treatment, Patient was the beneficiary of a health plan issued or administrated by Defendant.

8. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment in the amount of $64,000.00 for a bilateral procedure that involves placing a catheter into the carotid artery and performing imaging. The procedure was billed under Current Procedural Terminology ("CPT") code 36224-50.

9. In response to Plaintiff's HCFA, Defendant issued payment in the amount of $533.94.

10. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's beneficiaries.

11. However, since the services were rendered emergently/inadvertently, the payment process for Plaintiff's services is governed by the Federal No Surprises Act ("the Act").

12. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

13. Plaintiff disputed Defendant's payment and initiated the negotiation period called for by the Act.

14. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which

the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such an arbitration as called for by the Act (Arbitration Dispute #296211).

15. Pursuant to the Act, the arbitration process is "baseball style" which means that each side submits a final offer to the arbitrator, and the arbitrator is required to select one of the two offers as the appropriate payment rate. Plaintiff submitted a final offer of $48,000.00 while Defendant submitted a final offer of $3,630.79. (*See*, **Exhibit A**, attached hereto.)

16. On January 16, 2024, the arbitrator ruled in Plaintiff's favor, awarding Plaintiff a total of $48,000.00, amounting to an additional $47,466.06 on top of the amount initially paid. *Id*.

17. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

18. In this case, the additional payment was due on February 15, 2024. However, Defendant failed to issue the additional payment amount awarded in arbitration.

19. Moreover, in addition to its failure to pay the amount awarded in arbitration, Defendant did not even pay the "final offer" amount that it represented to the arbitrator. The final offer amount would be due regardless of whether Plaintiff prevailed in the arbitration.

20. To date, the only amount Plaintiff received from Defendant is the original payment amount of $533.94.

21. As of the date of this Complaint, approximately 300 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

22. As a result, Plaintiff has been damaged in the amount of $47,466.07 and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

**PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9**

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24. Under 9 U.S. CODE § 9, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

25. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the arbitration award was issued pursuant to the Federal No Surprises Act.

26. Indeed, federal courts have authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

27. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce an arbitration award issued in accordance with federal law.

28. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration award issued on January 16, 2024 under Arbitration Dispute #296211.

**COUNT TWO**

**VIOLATION OF THE FEDERAL NO SURPRISES ACT**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Under the federal No Surprises Act, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the Act's negotiation period.

31. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the No Surprises Act under Arbitration Dispute #296211

32. On October 23, 2023, C2C Innovative Solutions, Inc. issued an arbitration award in Plaintiff's favor, awarding Plaintiff a total of $48,000.00 amounting to an additional $47,466.06 on top of the amount Defendant initially paid.

33. According to the No Surprises Act, Defendant had until January 15, 2024 to remit the arbitration payment to Plaintiff.

34. As of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payment to Plaintiff.

35. As such, Defendant has failed to comply with the requirements of the No Surprises Act.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order confirming the arbitration award issued on January 16, 2024, under Arbitration Dispute #296211;

B. For an Order directing Defendant to pay Plaintiff $47,466.06;

C. For attorney's fees, interest, and costs of suit; and

D. For such other and further relief as the Court may deem just and equitable.

Dated: Fair Lawn, New Jersey
January 2, 2025

GOTTLIEB AND GREENSPAN, LLC
*Attorneys for Plaintiff*

By: /s/ Debra A. Clifford
Debra A. Clifford
17-17 Route 208
Fair Lawn, New Jersey 07410
(201) 644-0896
dclifford@gottliebandgreenspan.com