# EXHIBIT A

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-296211

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-296211** and has determined that Interventional Neuro Associates is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$48,000.00** offered by Interventional Neuro Associates is the appropriate out-of-network rate for the item or service 36224 on claim number 2022360CY6720 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Interventional Neuro Associates submitted an offer of $48,000.00

Horizon submitted an offer of $3,630.79

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | X |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $48,000.00 best represents the value of the qualified IDR service, cerebral angiogram and placement of stent (36224), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished the qualified IDR item or service.

2. The market share held by the provider or facility or that of the plan in the geographic region in which the qualified IDR item or service was provided.

3. The acuity of the participant, or beneficiary, receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant or beneficiary.

4. The teaching status, case mix, and scope of services of the facility that furnished the qualified IDR item or service, if applicable.

5. Demonstration of good faith efforts (or lack thereof) made by the provider or facility or the plan to enter into network agreements with each other, and, if applicable, contracted rates between the provider or facility, as applicable, and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, Interventional Neuro Associates, provided an offer of $48,000.00 and provided the following information:

1. The physician's training level, experience, and quality and outcomes measures.

2. The market shares for both parties.

3. The case mix, accreditations, and awards attributed to the service facility.

4. Additional documentation submitted for review includes medical records and the physician's curriculum vitae.

5. The health plan's lack of good faith efforts to enter into an agreement and/or contracted rate.

The non-initiating party, Horizon, provided an offer of $3,630.79 and provided the following information:

1. The QPA represents the median amount contracted providers receive for like services. Historical payments and usual and customary reimbursement rates may not be considered during the IDR process. Additional factors reflected in the QPA include training, experience, quality outcomes, patient acuity, and service level.

2. The health plan does not possess market share sufficient to artificially inflate median contracted payments.

3. The provider did not engage in good faith negotiations and should not be rewarded by consideration of newly raised arguments or additional payment.

4. The provider cannot demonstrate that the parties' good faith efforts (or lack thereof) to enter into network agreements with each other during the previous four plan years would instruct an adjustment to the QPA. Additionally, the provider has made no attempt to be credentialed as a Horizon provider in that time period.

In reviewing the QPA, which was $533.94, and the above-noted information submitted by both parties, C2C finds that the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the five circumstances with information specific to this dispute. C2C reviewed this evidence and found the additional information submitted by the non-initiating party did not support the offer. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence regarding the market share and the provider's level of training and experience was the most persuasive and supported the higher offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $48,000.00 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Horizon is the non-prevailing party in DISP-296211 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Interventional Neuro Associates by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-296211 was Interventional Neuro Associates. The initiating party's TIN is 461672913. The non-initiating party was Horizon. The 90-calendar day cooling off period begins on January 15, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message*

*is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*